IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:20-cr-82 |
| | ) | |
| | ) | Hon. Liam O'Grady |
| JOHN WILLIAM KIRBY KELLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**UNOPPOSED MOTION TO CONTINUE PLEA HEARING**

In light of quarantine requirements for all inmates at the Alexandria Adult Detention Center, defendant John William Kirby Kelley respectfully moves this Court to continue the plea hearing currently scheduled for June 12, 2020, to Friday, July 17, 2020. Defense counsel has conferred with government counsel, who does not oppose the relief requested herein. In further support of this motion, the defense states:

1. Mr. Kelley was arrested on January 10, 2020. At his detention hearing on January 15, 2020, he did not seek release. Dkt. No. 10. He has remained incarcerated at the Alexandria Adult Detention Center ("ADC") ever since.

2. The parties in this case have reached a resolution with a mutually acceptable plea agreement and statement of facts. As a result, the parties reached out to this Court to schedule a time for a plea hearing. In light of the coronavirus pandemic, the originally scheduled plea hearing was

rescheduled for June 12, 2020. The defense has been anticipating that that hearing would be in person.

3. The defense recently learned, however, that if Mr. Kelley leaves the ADC, even for court, he will be quarantined on the first floor of the jail for 15 days upon his return. This policy is in response to the novel coronavirus pandemic, which, thus far, has not reached inside the ADC.

4. While the defense understands the motivation for the ADC policy, it would be significantly disruptive for Mr. Kelley to have to enter quarantine for more than two weeks just because he traveled to the courthouse to appear in person. Mr. Kelley is only 19 years old. He has a history of trauma, including a lifetime of educational disabilities and an autism spectrum diagnosis. His home life prior to his arrest was sufficiently volatile that his Virginia probation counselor encouraged him to move out of his mother's house. Until his arrest in January, Mr. Kelley had never spent any appreciable time in jail before—perhaps unsurprising given his age.

5. Notwithstanding this background, Mr. Kelley has adjusted well to his housing situation at the ADC. He resides in the mental health unit where he has reliable access to a counselor. He has gotten a job as a unit worker, which not only helps to keep him occupied but also demonstrates a level of trust in him that he values. These factors are especially important now, as inmates are even more isolated than usual due to coronavirus protocols. Additionally, these factors have contributed to Mr. Kelley's stability and

forward-looking mindset. If he has to spend 15 days in quarantine, Mr. Kelley fears he may lose his placement in his unit, his job, and/or his regular access to a mental health counselor. He also has concerns about the destabilizing effect of having to spend 15 days entirely isolated with little to occupy his time.

6. On the other hand, Mr. Kelley believes there is significant value in making an in-person appearance before this Court, particularly as it will be his first such appearance and given the gravity of a plea hearing. He hopes that by postponing the hearing he may avoid having to go through a lengthy quarantine as a consequence of making an in-person appearance.

7. Mr. Kelley and counsel have discussed at length his rights under the Speedy Trial Act, 18 U.S.C. § 3161. He is fully informed of and understands those rights. For the purpose of the continuance proposed in this Motion, Mr. Kelley waives his rights under § 3161, including to the extent needed to accommodate the Court's schedule if July 17, 2020, is unavailable.

8. If the ADC still requires quarantine in mid-July, Mr. Kelley does not anticipate requesting a second continuance to avoid the quarantine. Instead, he would expect to enter his plea in person or seek to do so by videoconference.

9. Counsel have discussed the relief requested herein with counsel for the government, who does not object to the proposed continuance.

Accordingly, Mr. Kelley respectfully moves this Court for a continuance of his plea hearing to July 17, 2020, or a date as soon thereafter as is convenient for the Court. A proposed order is attached for the Court's convenience.

Respectfully submitted,

JOHN WILLIAM KIRBY KELLEY
By Counsel,

Geremy C. Kamens,
Federal Public Defender

By: _____/s/_____
Cadence A. Mertz
Va. Bar No. 89750
Nathaniel Wenstrup
Admitted *pro hac vice*
NY Bar No. 5201371
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0840 (tel)
(703) 600-0880 (fax)
Cadence_Mertz@fd.org

## CERTIFICATE OF SERVICE

I certify that on this 29th day of May, 2020, I filed the foregoing using the CM/ECF system, which will electronically serve copies on counsel of record.

_____/s/_____
Cadence A. Mertz
Va. Bar No. 89750
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0840 (tel)
(703) 600-0880 (fax)
Cadence_Mertz@fd.org