# SENTENCING MINUTES

| | |
|---|---|
| Date: 03/15/2021 | Judge: LIAM O'GRADY |
| | Reporter: Scott Wallace |
| | Time: 10:05 a.m. – 10:50 a.m. (00:45) |
| | Case Number: 1:20CR82 |

UNITED STATES OF AMERICA                    Counsel/Govt: Carina Cuellar

v.

**John William Kirby Kelley**                    Counsel/Deft: Cadence Mertz and Nathaniel Wenstrup

Gov't argues for 60 months.
Deft argues for Time Served.

Court adopts PSI (X)          without exceptions (X)          with exceptions:

**SENTENCING GUIDELINES:**                 Court departs from Guidelines pursuant to:
Offense Level: 24                                   __ USSG 5H1.4
Criminal History: I                                  __ USSG 5K1.1
Imprisonment Range: 51 to 60 months          __ USSG 5K2.12
Supervised Release Range: 1 to 3 years        __ USSG 5C1.2
Fine Range: $20,000 to $200,000                                 Other:
Restitution $ 7,560.69
Special Assessment $100

**JUDGMENT OF THE COURT:**
BOP for 33 months with credit for time served.
Supervised Release for 3 Years, with special conditions: (X) Yes     ( ) No
Fine Imposed N/A
Restitution of $7,560.69 to be paid in monthly installments of $ 100  or as directed by USPO to begin w/in 60 days of release from custody.
Restitution Order entered in open court
Special Assessment $100

**SPECIAL CONDITIONS**:

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

2. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the probation officer.

3. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict

    and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

4. The defendant shall not engage in spamming or email bombing.

5. The defendant shall pay restitution to be determined by the Court. Each restitution payment shall be divided proportionately (unless otherwise ordered) among the victims in the amount of no less than $100 per month or as directed by the U.S. Probation Office.

**RECOMMENDATIONS to BOP**:

| | |
|---|---|
| X | Dft. To be designated to: Petersburg or as close to Northern Virginia as possible |
| | Dft. designated to facility to participate in ICC (Boot Camp) type program |
| | Dft. to participate in 500 hr Residential Drug Abuse Treatment Program (RDAP) |
| X | Other: Defendant to participate in a Life Skills Program as well as Mental Health Treatment while in BOP custody |

Deft: (X) Remanded     ( ) Cont'd on Bond to Self-Surrender     ( ) Referred to USPO     ( ) Immediate Deportation